AARON ERICKSON et al., Respondents, *v.* MARY A. QUINN, Appellant.

(Argued December 17, 1872; decided December 24, 1872.)

PLAINTIFFS, as judgment creditors of one O'Malley, framed their complaint herein as in a creditor's suit, alleging a fraudulent conveyance of certain lands by the judgment debtor to defendant, asking the appointment of a receiver and a sale of the property; and, after a first trial of the action and pending an appeal, they issued an execution upon their judgment against O'Malley, and advertised the property for sale. A motion was made to set aside the execution upon some ground

undisclosed, but not that the two remedies were incompatible. It was stipulated that no sale should be had until after decision of the appeal. The judgment was reversed. Plaintiffs then caused the property to be sold, and became purchasers for the full amount of their claim. The action was then treated as one to remove obstructions to their judgment. Upon the second trial, the referee decided that the conveyance to defendant was fraudulent and void as against plaintiffs, and that their judgment was a lien upon the property. This judgment was affirmed by the General Term and by this court (47 N. Y., 410), and judgment perfected below upon remittitur. Defendant thereupon, and upon showing the fact of the sale above mentioned after commencement of the action, and his ignorance thereof, obtained an order setting aside that judgment, and judgment of Supreme Court, and the report of the referee, and giving leave to defendant to file a supplemental answer, setting up the facts claiming the sale satisfied the judgment upon which this action was based. This order was reversed by the General Term. *Held*, that plaintiffs had a legal as well as equitable right to the benefit of their original judgment and the fruits of that action, and were not bound to waive or abandon their lien and substitute the equitable lien under their *lis pendens* in this action of a later date; and that, under the facts disclosed on the motion, plaintiffs were entitled to the relief they obtained; that there was no fraud or legal irregularity in proceeding with the action, and, pending it, selling the property upon execution. Also, *held* as stated in memorandum next following.

*James C. Cochrane* for the appellants.

*George F. Danforth* for the respondents.

ALLEN, J., reads opinion for affirmance of order of General Term.

All concur, except CHURCH, Ch. J., not voting.

Order affirmed.