DRAYTON HILLYER et al., Respondents, *v.* WILLIAM B. LEROY et al., Appellants, Impleaded with Others.

1. BANKRUPTCY — WHEN JUDGMENT AGAINST BANKRUPTS NOT AFFECTED BY BANKRUPTCY PROCEEDINGS — JUDGMENT CREDITORS MAY ENFORCE JUDGMENT BY EXECUTION OR BRING EQUITABLE ACTION THEREON — RIGHTS IN LATTER ACTION. Where a judgment has been recovered and docketed more than four months prior to the filing of a petition in bankruptcy by the judgment debtors, the effect thereof is to impress upon the real estate of the judgment debtors a lien, not only as to such which was then actually held by them, but as to any that had

been transferred by them in fraud of their creditors; the judgment cred-
itors may enforce their judgment by a sale of the land under execution,
or they may bring an action in equity to obtain a decree which adjudges
transfers, made by the judgment debtors, to have been void; which com-
pels the fraudulent transferees of the real estate to account to them to the
extent of their judgment, together with the mesne rents and profits of the
real estate from the time of the commencement of the action in equity,
and which appoints a receiver to enforce their rights by a sale of the land,
or so much thereof as may be necessary, to satisfy the claim.

2. EQUITABLE ACTION ON JUDGMENT — NOT A WAIVER OF ORIGINAL
JUDGMENT — POWERS AND DUTIES· OF RECEIVER THEREIN. The bring-
ing of the action in equity cannot be regarded as constituting any waiver,
or abandonment, of the benefit of the original judgment; the judgment
in the equitable action has relation, only, to the rights of the plaintiffs
under their original judgment and narrows the office of the receiver to a
sale of the real estate and the application of the proceeds to the satisfaction
of the indebtedness; the receiver takes no title to the real estate, nor does
he acquire any rights in the land for the benefit of creditors generally.

3. TRUSTEE IN BANKRUPTCY — RIGHT TO BRING ACTION ON JUDGMENT
NOT VESTED THEREIN — WHEN JUDGMENT DEBTORS CANNOT RAISE THE
QUESTION. The right to maintain the equitable action does not become
vested in the trustee in bankruptcy, since the judgment creditors, having
a lien, which was not within the operation of the Bankruptcy Act, were
at liberty to pursue any remedy they had for the enforcement of that
lien, unfettered by the bankruptcy adjudication; the judgment debtors,
however, are in no position to interpose the objection where it was not
pleaded as a defense and they simply set up, in a supplemental answer,
their discharge in bankruptcy.

*Hillyer* v. *LeRoy*, 84 App. Div. 129, modified.

(Argued October 17, 1904; decided November 15, 1904.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the third judicial department, entered May
22, 1903, modifying and affirming as modified a judgment in
favor of plaintiffs entered upon the report of a referee.

The plaintiffs, in 1897, recovered a judgment against cer-
tain of the defendants, who composed the firm of A. LeRoy
& Son. A year and some months afterwards, this action was
commenced upon the foundation of that judgment; in which
the plaintiffs attacked the good faith of certain transfers of
real estate and of personal property, which had been made by
some of the judgment debtors, shortly prior to the judgment,
and they and their transferees were joined as defendants. It

was alleged that the transfers had been made and accepted, while the firm was insolvent and with the intent to hinder and defraud its creditors, and the judgment demanded was that the defendant transferees account to the plaintiffs for the properties thus fraudulently transferred, to the extent of the plaintiffs' judgment; that the defendants be restrained from interfering further with the property, and that a receiver be appointed for the purpose of enforcing the plaintiffs' rights. The answers of the defendants put in issue the allegations of the complaint, so far as the charges of fraud in the transfers were concerned. Subsequently, leave was obtained from the court by the defendants to serve a supplemental answer, setting forth proceedings in bankruptcy, in which the members of the firm of LeRoy & Son had been discharged from their debts, and the answer, which was served, pleaded the discharge as a complete bar to the action. The petition in bankruptcy was filed by the members of the firm in May, 1899; an adjudication of bankruptcy followed and in June, 1899, their discharge was granted. This action went to trial upon the issues and the plaintiffs recovered a judgment in their favor; which adjudged that certain of the transfers of real and personal property complained of were fraudulent, void and of no effect as against them; that the bankruptcy proceedings were not a bar to the maintenance of the action; that the plaintiffs had a lien upon the real and personal property fraudulently transferred, and which appointed a receiver of the property, who should sell the same, "or so much thereof as may be necessary to pay plaintiffs in full for their unpaid indebtedness." Upon appeal to the Appellate Division, in the third department, the judgment so recovered was unanimously affirmed, with the modification that so much of it as related to the personal property should be stricken out. The defendants then obtained permission to further appeal to this court.

*Alfred L. Becker* and *Tracy C. Becker* for appellants. Judgments docketed create no lien against property thereto-

fore fraudulently transferred that survives a petition and adjudication in bankruptcy. (*Luhrs* v. *Hancock*, 181 U. S. 567; *Matter of Estes*, 3 Fed. Rep. 127; *Benedict* v. *Deshel*, 177 N. Y. 1; *York* v. *Conde*, 147 N. Y. 486; *People* v. *Griswold*, 104 N. Y. 617; *Southard* v. *Benner*, 72 N. Y. 426.) By bringing the action demanding judgment that certain real and personal property conveyed by the defendants composing the firm of A. LeRoy & Son to others of the defendants be declared fraudulently transferred, and a receiver appointed to take a conveyance of the same, and the fraudulent transferees be required to account for the rents and profits thereof, and by taking a judgment for such relief, plaintiffs waived and abandoned any lien of their original judgment and have, therefore, no lien acquired more than four months prior to the petition in bankruptcy; and they may not enforce now, in the present action, the lien of their original judgment. (*C. C. Bank* v. *Risley*, 19 N. Y. 369; *Ocean Bank* v. *Olcott*, 46 N. Y. 12; *Erickson* v. *Quinn*, 50 N. Y. 698; *White's Bank* v. *Farthing*, 101 N. Y. 344; *N. Y. L. Ins. Co.* v. *Mayer*, 14 Daly, 318; Wait on Fraud. Conv. [2d ed.] § 170; *Brown* v. *Chubb*, 135 N. Y. 174; *Bergen* v. *Carman*, 79 N. Y. 146; *Geery* v. *Geery*, 63 N. Y. 256; *Garfield* v. *Hatmaker*, 15 N. Y. 475; *Wilkinson* v. *Paddock*, 57 Hun, 191; 125 N. Y. 748.) The judgment is erroneous in that it permits plaintiffs to reach the rents and profits of the real property, which clearly cannot be done except upon the lien of the present equitable action, which lien has been discharged in bankruptcy. (*Collumb* v. *Read*, 24 N. Y. 505; *Robinson* v. *Stewart*, 16 N. Y. 189; *Wright* v. *Nostrand*, 94 N. Y. 31; 98 N. Y. 669; *Loos* v. *Wilkinson*, 110 N. Y. 195; *N. U. Bank* v. *Riger*, 38 App. Div. 123; *Strong* v. *Skinner*, 4 Barb. 558.) By the operation of the Bankruptcy Act, any lien arising from the commencement of the present action has been lost to the plaintiffs, and the right to bring an action to reach the real property of the bankrupts fraudulently conveyed has vested solely in the trustee. (*Pickens* v. *Roy*, 187 U. S. 177; *Frazier* v. *S. L. & T. Co.*, 99 Fed. Rep. 707; *Matter of Francis Valentine*

Co., 2 Am. Bank. Rep. 188 ; *Schmilovitz* v. *Bernstein*, 5 Am. Bank. Rep. 265 ; *Patten* v. *Carley*, 69 App. Div. 423 ; *N. Y. E. P. Co.*, 110 Fed. Rep. 514 ; *Matter of B. L. Price & Co.*, 1 Am. Bank. Rep. 606 ; *Donaldson* v. *Farwell*, 93 U. S. 631 ; *Casey* v. *La Societe de Credit Mobilier*, 2 Woods, 77 ; *Matter of Burke*, 5 Am. Bank. Rep. 12 ; *Matter of Rothschild*, 5 Am. Bank. Rep. 587.)

*Charles E. Rushmore* for respondents. The filing of a petition in bankruptcy does not operate to dissolve a lien obtained more than four months anterior thereto. (*Metcalf* v. *Barker*, 187 U. S. 165 ; *Popham* v. *Baretto*, 20 Hun, 299.) The plaintiffs acquired a lien on the real estate in controversy by the docketing of their judgment. (*Underwood* v. *Sutcliffe*, 77 N. Y. 62 ; *White's Bank* v. *Farthing*, 101 N. Y. 346 ; *Shaw* v. *Dwight*, 27 N. Y. 253 ; *C. C. Bank* v. *Risley*, 19 N. Y. 375 ; *Crippen* v. *Hudson*, 13 N. Y. 166.) The question of the existence of a lien in the case at bar does not involve a construction of the Bankruptcy Act in any particular. (*Leffingwell* v. *Warren*, 2 Black, 599 ; *T. R. R. Co.* v. *B. & C. R. R. Co.*, 20 Wall. 137 ; *Townsend* v. *Todd*, 91 U. S. 452 ; *Scipio* v. *Wright*, 101 U. S. 665 ; *Bucher* v. *C. R. R. Co.*, 125 U. S. 555 ; *Eyster* v. *Gaff*, 91 U. S. 521.) There has been no abandonment of the judgment lien. (*C. C. Bank* v. *Risley*, 19 N. Y. 369 ; *O. Bank* v. *Olcott*, 46 N. Y. 12 ; *Styles* v. *Fuller*, 101 N. Y. 622 ; *Wisner* v. *Ocumpaugh*, 71 N. Y. 113 ; *Metcalf* v. *Barker*, 187 U. S. 165 ; *N. M. & T. Bank* v. *E. S. R. Co.*, 109 Mass. 38.) The adjudication herein has not, in any event, caused the abandonment or loss of the lien of the plaintiffs' judgment. (*Erickson* v. *Quinn*, 50 N. Y. 697 ; *Murtha* v. *Curley*, 90 N. Y. 372 ; *Lawrence* v. *Bank of Republic*, 35 N. Y. 320 ; *McCalmont* v. *Lawrence*, 1 Blatchf. 232 ; *Quinby* v. *Straus*, 90 N. Y. 664 ; *May* v. *Le Claire*, 78 U. S. 217 ; *Clemence* v. *Moore*, 6 Wall. 299 ; *Valentine* v. *Ritchart*, 126 N. Y. 272 ; *S. S. Nat. Bank* v. *Fancher*, 92 Hun, 327 ; *Fullerton* v. *Viall*, 42 How. Pr. 294 ; *Schrenkeisen* v. *Miller*, 9 Ben. 65 ; *Post* v. *Stieger*, 29

N. J. Eq. 554; *Hooper* v. *Sumner*, 9 Pick. 435.) The defendants are in no position to assert rights of other creditors, nor any rights existing in the trustee in bankruptcy. (*Warner* v. *Jaffray*, 96 N. Y. 254; *Dickinson* v. *C. T. Co.*, 23 Misc. Rep. 493; *Seymour* v. *S. F. C. Assn.*, 144 N. Y. 341.) The discharge in bankruptcy of the judgment debtors cannot, in any event, relieve the fraudulent transferees of liability to the plaintiffs. (*Hill* v. *Harding*, 130 U. S. 699; *McCombs* v. *Allen*, 82 N. Y. 114; *Holyoke* v. *Adams*, 59 N. Y. 233; *Dewey* v. *Moyer*, 72 N. Y. 70; *Moyer* v. *Dewey*, 103 U. S. 302; *Upshur* v. *Briscoe*, 138 U. S. 379; *Wood* v. *Vanderveer*, 55 App. Div. 549.) The defendants are in no position to raise the question of title in the trustee in bankruptcy. (*Dewey* v. *Moyer*, 72 N. Y. 77; *Styles* v. *Fuller*, 101 N. Y. 622; *Otten* v. *M. R. Co.*, 24 App. Div. 130; *Reynolds* v. *A. L. Ins. Co.*, 11 App. Div. 99; *Buckingham* v. *Corning*, 29 N. J. Eq. 238; *Stockton* v. *Am. T. Co.*, 53 N. J. Eq. 400; *Graves* v. *Niles*, Harr. Ch. Rep. 332; *Freeman* v. *Grant*, 132 N. Y. 22; *Van Cott* v. *Prentice*, 104 N. Y. 45.)

Gray, J. I think the determination of the learned Appellate Division to have been correct; with this exception, however, that the judgment in the trial court appears to have included as within the lien of the original judgment the mesne rents and profits of the real estate from the time of the fraudulent transfers. That would be incorrect. The accountability for the rents and profits should be from the time of the commencement of the present action in equity to annul the transfers; at which time an equitable lien upon the fund was acquired. (*Collumb* v. *Read*, 24 N. Y. 505.)

To take up the discussion of the main question presented by this appeal, the appellants argue that the judgment recovered by the plaintiffs upon the indebtedness of A. LeRoy & Son created no lien against the property transferred, which survived the institution of bankruptcy proceedings. Further, they argue that, by bringing this action, the plaintiffs had waived and abandoned the lien of their original

judgment, if it was one not within the reach of the Bankruptcy Act. They, also, say that what right of action may have been in the plaintiffs was lost to them and had become vested in the trustee in bankruptcy. No question is raised by the appellants as to the conclusiveness upon this court of the determination below, that the transfers in question were fraudulent and void as to the respondents.

By section 67, (subdivision f), of the Bankruptcy Act of 1898, it was provided that "all levies, judgments, attachments, or other liens, obtained through legal proceedings against the person who is insolvent, at any time within four months prior to the filing of the petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt," etc. The declaration of the section is distinct that the lien therein referred to is, only, invalid, where it has been obtained by the creditor within four months prior to the filing of the petition in bankruptcy, and equally distinct is its meaning that the validity of a lien obtained prior to that interval of time will be recognized. That construction has been given to the statute by the United States Supreme Court. (*Metcalf* v. *Barker*, 187 U. S. 165.) It was observed in the opinion in *Metcalf* v. *Barker*, and the observation may be quoted, pertinently to the present case, that "a judgment or decree in enforcement of an otherwise valid pre-existing lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens." The plaintiffs' judgment upon the indebtedness of LeRoy & Son to them was recovered, and docketed, considerably more than four months prior to the filing of the petition in bankruptcy. The effect was to impress upon the real estate of the judgment debtors a lien; not only as to such which was then actually held by them, but as to any that had been transferred by them in fraud of their creditors. That is a proposition, which is too firmly settled by the decisions of the courts of this state to be now questioned. The property of a debtor, which has been transferred by him in fraud of creditors, still remains, as to them, the debtor's property and the lien of the creditor's judgment

attaches to the real estate. The judgment creditor may enforce his judgment by a sale of the land under execution; or he may bring an action to remove the obstruction caused by the debtor's fraudulent act and proceed to enforce his judgment by a sale of the land, unembarrassed by the cloud of the transfer. (*McElwain* v. *Willis*, 9 Wend. 548; *Crippen* v. *Hudson*, 13 N. Y. 161, 166; *Chautauque County Bank* v. *Risley*, 19 ib. 369, 375; *White's Bank of Buffalo* v. *Farthing*, 101 ib. 344.) I assume that this doctrine would receive the assent of the federal court; so far as applicable to cases arising within the state. (*Bucher* v. *Cheshire R. R. Co.*, 125 U. S. 555, 583.) The situation, upon the recovery by the plaintiffs of their judgment against LeRoy & Son, was one where they could elect to stand upon their lien and, summarily, sell the lands upon execution, which their debtors had fraudulently ·conveyed away; or where, proceeding more cautiously, they might invoke the aid of a court of equity in compelling the satisfaction of their debt. They elected to bring the present action to clear away the obstruction, interposed to the collection of their original judgment through the previous transfers, and they have accomplished their purpose through the present judgment. What they sought for, and what they have obtained, is a decree, which adjudges the transfers to have been void; which compels the fraudulent transferees of the real estate to account to them to the extent of their claim and which appoints a receiver to enforce their rights by a sale of the lands, or so much thereof as may be necessary, to satisfy the claim. In the case of *Chautauque Co. Bank* v. *Risley*, (*supra*), upon which some reliance seems to be placed by the appellants, the result of the creditor's action was, not only, to set aside the fraudulent transfer, but to compel a conveyance of the lands by the debtor to a receiver, whom the court appointed for that purpose. In that case, the title to the land had vested in the receiver through the conveyance and had no relation to the original judgment. He then held as a trustee for creditors generally. As it was observed in the opinion in

that case, "When the creditor takes this course, instead of falling back upon his legal remedy, he abandons the lien of his judgment and seeks a satisfaction of his debt out of the debtor's property generally." In the present action, the plaintiffs abandoned none of their legal rights to have their claim paid from the proceeds of the real estate fraudulently transferred by their judgment debtors. The bringing of this action cannot be regarded as constituting any waiver, or abandonment, of the benefit of their original judgment; for it was, purely, to remove the obstruction in the way of collecting it. (*Erickson* v. *Quinn*, 50 N. Y. 697.) The judgment, now appealed from, has relation, only, to the rights of the plaintiffs under their original judgment and narrows the office of the receiver to a sale of the real estate and the application of the proceeds to the satisfaction of the indebtedness. The receiver took no title to the real estate, nor acquired any rights in the land for the benefit of creditors generally.

Nor did the right to maintain this action become vested in the trustee in bankruptcy. I do not think that the appellants were in any situation to interpose such an objection; inasmuch as such a defense was not pleaded. They had obtained leave to serve a supplemental answer, setting up their discharge in bankruptcy and they did so plead, simply. (*Dewey* v. *Moyer*, 72 N. Y. 70, 77.) But independently of that consideration, I think that the plaintiffs, having a lien, which was not within the operation of the Bankruptcy Act, were at liberty to pursue any remedy they had for the enforcement of that lien, unfettered by the bankruptcy adjudication.

The judgment appealed from is affirmed, with the modification that any accountability for the rents and profits of the real estate affected shall be from the time of the commencement of this action. No costs should be awarded to either party.

CULLEN, Ch. J., BARTLETT, HAIGHT, MARTIN, VANN and WERNER, JJ., concur.

Judgment accordingly.