## BIGGS *v.* CAMPBELL.

## REDMAN *v.* CAMPBELL.

----

JUDGMENT AND DECREES; CREDITORS' SUITS; LIENS.

A bill in equity by a judgment creditor to subject to the satisfaction of his judgment an equitable interest in land of the judgment debtor is maintainable without allegation and proof of a prior issuance of execution on the judgment. (Construing Sec. 1214, D. C. Code (31 Stat. at L. 1381, chap. 854), making every final judgment and decree from the date it is rendered a lien upon the legal and equitable interest in land of the defendant bound by such judgment or decree, which lien shall be enforceable by bill in equity).

Nos. 3004 and 3005.   Submitted March 9, 1917.   Decided April 2, 1917.

HEARING on appeals by the defendants from decrees of the Supreme Court of the District of Columbia overruling motions to dismiss and, the defendants electing not to plead over, dis-

missing bills in equity to subject equitable interests **in** land, and shares of corporate stock, to the satisfaction of decrees for the payment of money.                                        *Affirmed.*

The Court in the opinion stated the facts as follows:

These are appeals from decrees of the supreme court of the District. The bills allege that Charles M. Campbell, on March 19, 1915, recovered two unconditional final decrees in equity in that court for certain sums against the appellant, Samuel C. Redman and another; that said decrees, at the time of rendition, became liens on certain described real estate of Redman; that appellees, Pauline Campbell and John Ridout, are assignees of Campbell; that Redman's interest in said real estate is subject to certain encumbrances by deed of trust, and that such interest is purely equitable; that Redman is the owner of certain shares of the Chapin-Sacks Company, which appellees cannot levy upon because it is not known in whose name they stand, or in whose custody they are. The bills seek a decree for sale of Redman's interest in the real estate described and a discovery as to the stock. Motions to dismiss were interposed upon the ground that a judgment creditor may not bring a bill in equity to subject an equitable interest in realty and personal interests to sale for the satisfaction of a judgment or decree without first resorting, or attempting to resort, to his remedy at law by way of execution.

*Mr. P. H. Marshall* and *Mr. C. H. Merillat,* for the appellants, in their brief cited:

Rev. Stat. sec. 723; D. C. Code 11, sec. 1; D. C. Code, secs. 1,079, 1,214; *Arlington Brew. Co.* v. *Wyvill,* 35 App. D. C. 589; *Day* v. *Washburn,* 65 U. S. 352–357; *Droop* v. *Ridenom,* 9 App. D. C. 95; 11 Enc. Pl. & Pr. p. 1,125; *Freedman's Sav. & T. Co.* v. *Earle,* 110 U. S. 710–720; *Gottschalk Co.* v. *Distillery Co.* 7 App. D. C. 173; *Hardware Co.* v. *Driggs,* 13 App. D. C. 272–277; *Hollins* v. *Brier-*

*field Coal Co.* 150 U. S. 371; *Jones* v. *Green,* 1 Wall. 330;
*Kittel* v. *Augusta,* 65 Fed. 859–863; *Lawrence* v. *Willoughby,*
1 Minn. 87; *Miller* v. *Sherry,* 2 Wall. 237; *National Tube
Works* v. *Ballou,* 146 U. S. 517; *Scott* v. *Neely,* 140 U. S. 106–
110; *Taylor* v. *Bowker,* 111 U. S. 110; *Terry* v. *Anderson,* 95
U. S. 628–637; *Voorhees* v. *Harvard,* 4 Keyes, 383; *Whitaker*
v. *Branson,* 2 Paine, 209; *Young* v. *Kelly,* 3 App. D. C. 296–
305.

*Mr. John Ridout* for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

Prior to the enactment of the Code, judgments at law were
not liens upon the interest of judgment debtors who previously
had conveyed land to a trustee in trust for the payment of a debt
secured thereby. Such "judgment in nowise affected the trust
premises until the bill was filed. That created a lien in favor of
the judgment creditors. There was none before." *Morsell* v.
*First Nat. Bank,* 91 U. S. 357, 23 L. ed. 436. As a general
rule, therefore, when the object of the bill was to obtain satis-
faction of a judgment by the sale of an equitable estate, it was
necessary to allege that execution had been issued. In *Freed-
man's Sav. & T. Co.* v. *Earle,* 110 U. S. 710, 716, 28 L. ed. 301,
303, 4 Sup. Ct. Rep. 226, the court said: "The ground of
the jurisdiction, therefore, is not that of a lien or charge aris-
ing by virtue of the judgment itself, but of an equity to enforce
satisfaction of the judgment by means of an equitable execu-
tion."

By Section 1214 of the Code [31 Stat. at L. 1381, chap. 854]
however, a radical change was effected. The pertinent pro-
visions of that section read as follows: "Sec. 1214. Lien of
judgment or decree.—Every final judgment at common law
and every unconditional final decree in equity for the payment
of money from the date when the same shall be rendered,
\* \* \* shall be a lien on all the freehold and leasehold es-
tates, legal and equitable, of the defendants bound by such judg-

ment, decree, or recognizance, in any lands, tenements, or hereditaments in the District, whether such estates be in possession or be reversions or remainders, vested or contingent;" but such liens on equitable interests shall be enforced by bill in equity.

As far back as *Smith* v. *McCann,* 24 How. 398, 404, 16 L. ed. 714, 716, Chief Justice Taney directed attention to the fact that very few of the States had "preserved the distinction between legal and equitable titles to land." Congress evidently was aware not only of this but of the fact that there was no real basis for the technical rules of procedure which theretofore had obtained in this jurisdiction. By said section 1214, final judgments and decrees are made liens upon equitable interests in real estate, the only requirement of the statute being that "such liens on equitable interests shall be enforced by bill in equity." The ground of jurisdiction now is that of a lien or charge arising by virtue of the prior judgment, and not of an equity to enforce satisfaction of such judgment by means of an equitable execution. In other words, the bill is not filed now with a view to create an interest, but merely to enforce an existing interest. The provision that such interest shall be enforced by bill in equity was merely because the rights of the interested parties could be better protected in such a proceeding. The reason for an allegation as to the issuance of an execution under the old practice was that the judgment creditor was bound to put himself in the same position as if the estate were legal, because the action of the court converted the estate, "so as to make it subject to an execution, as if it were legal." *Freedman's Sav. & T. Co.* v. *Earle,* 110 U. S. 710, 28 L. ed. 301, 4 Sup. Ct. Rep. 226. But the Code put an end to the distinction between legal and equitable titles and subjected the interest of the judgment debtor, whether legal or equitable, to the satisfaction of the judgment. Counsel, we think, have overlooked the difference between an original suit in equity to determine a controversy between the parties and a suit based upon this section of the Code, to satisfy a prior judgment or decree.

It follows that it was not necessary to allege the issuance of an

execution at law, and the decrees, therefore, will be affirmed, with costs.                                    *Affirmed.*

A petition for the allowance of an appeal to the Supreme Court of the United States was denied April 21, 1917.