### In re BERLOWE.

(District Court, D. New Jersey. May 10, 1925.)

Bankruptcy ⬤⟹200(4)—Judgment lien acquired more than four months prior to bankruptcy held not avoidable.

The levy of an execution on real estate creates a lien thereon as against the judgment debtor, though he has previously made a fraudulent conveyance thereof, and, where the levy was made more than four months prior to the debtor's bankruptcy, the commencement of a suit in equity by the creditor within the four months to set aside the conveyance and enforce his lien does not render it avoidable under Bankruptcy Act, § 67f (Comp. St. § 9651).

In Bankruptcy. In the matter of Harry Berlowe, bankrupt. On motion of trustee to restrain judgment creditor from proceeding with suit in chancery. Denied.

Barney Larkey, of Newark, N. J., for the motion.

Sidney W. Eldridge, of Elizabeth, N. J., (Remington & Meek, of New York City, of counsel), opposed.

RUNYON, District Judge. The motion herein is made by Lee Seaman, a judgment creditor of the above-named bankrupt, and seeks to stay one Louis M. Taylor in his

prosecution of an action in the New Jersey Court of Chancery, aimed to secure the setting aside of an alleged fraudulent conveyance of certain Newark property made by the said bankrupt, and to substitute the trustee as complainant in said suit.

On November 6, 1922, in the Supreme Court of New Jersey, Union County Circuit, said Louis M. Taylor obtained a judgment against Harry Berlowe, the bankrupt herein, for the sum of $1,456.86, damages and costs.

Execution on said judgment, having been recorded, was immediately thereafter issued to the sheriff of Essex county, who, on the 10th day of November, 1922, levied upon said real estate which is described as follows: All that certain piece or parcel of land situate, lying and being in the city of Newark, Essex county, bounded and described as follows: "Beginning at a point in the northerly side of May street as now laid out and established, distant 150 feet westerly from the westerly line of Lincoln avenue; thence running along said northerly line of May street north 68 degrees 40 minutes west 50 feet more or less, to a line of land conveyed by Franklin Savings Institutions of Newark, to Mabel Walker, by deed recorded in Book M-59, page 564; thence running northerly along the line of said land and parallel with Lincoln avenue 124.18 feet; thence south 67 degrees 4 minutes east 50.22 to a point 150 feet westerly of said westerly line of Lincoln avenue, measured on a line on right angles thereto; thence running southerly and parallel with Lincoln avenue 122.78 feet to said northerly line of May street and point and place of beginning"—and also upon certain personal property.

On December 9, 1922, the sheriff of Essex county returned said execution unsatisfied with a levy upon the aforesaid real and personal property.

The suit upon which the Taylor judgment was founded was commenced April 17, 1922, and shortly thereafter, or on May 2, 1922, Berlowe made conveyance of said real estate to a New York party for the consideration of $1.

In order to secure the setting aside of the said conveyance, alleged by Taylor to have been fraudulently made, Taylor commenced his suit in the Court of Chancery on December 9, 1922, and on the 20th day of the succeeding March, 3 months and 11 days after the institution of said suit, Berlowe filed a voluntary petition in bankruptcy, and was adjudicated a bankrupt the same day.

The claim of the trustee at this time is that the only lien which can be asserted in

the premises is the lien created by the commencement of the suit in Chancery, and that the institution of such suit, being within 4 months next preceding the bankruptcy adjudication, under the provisions of section 67f of the Bankruptcy Act (Comp. St. § 9651), secures for Taylor no advantages whatever.

I am not in accord with this contention. To me it appears that the securing of the original judgment and the issuance of execution thereon and levy thereunder clearly establish Taylor's lien. If the property in question had remained in Berlowe's name at the time of the levy, no question could have possibly arisen against the validity of the sheriff's levy, so far as the element of time is concerned, and the mere fact that Berlowe had conveyed his real estate to another party, cannot invalidate that lien if the conveyance shall eventually be proved to have been fraudulent; the compelling fact being that the levy of the sheriff attached to anything and everything which Berlowe owned or to which he was entitled in the real and personal property therein named. True, there stood in the way of further procedure under the execution the fact of the conveyance of Berlowe; but that conveyance Taylor questions, and has therefore brought suit in Chancery. He had already done everything possible to realize under his judgment and execution, and the existing conditions, as I view them, made necessary the institution of the Chancery suit, not in order to create a lien against said real estate, but to enforce a lien already obtained more than four months before Berlowe decided to avail himself of the Bankruptcy Act.

In my opinion, the levy of the sheriff was the last move in the creation of a legal lien, and this fact makes inapplicable such cases as have been cited and deal with equitable liens.

The case of Hillyer v. Le Roy, 12 Am. Bankr. R. 733, 179 N. Y. 369, 72 N. E. 237, 103 Am. St. Rep. 919, offered by both sides hereto with varying interpretations, appeals to me as largely expressive of the situation presented in the instant matter, and seems clearly to uphold the contention of Taylor in the following language:

"By section 67 (subdivision f), of the Bankruptcy Act of 1898, it was provided that 'all levies, judgments, attachments, or other liens, obtained through legal proceedings against the person who is insolvent, at any time within four months prior to the filing of the petition in bankruptcy against him, shall be deemed null and void in case he

is adjudged a bankrupt,' etc. The declaration of the section is distinct that the lien therein referred to is, only, invalid, where it has been obtained by the creditor within four months prior to the filing of the petition in bankruptcy, and equally distinct is its meaning that the validity of a lien obtained prior to that interval of time will be recognized. That construction has been given to the statute by the United States Supreme Court. Metcalf v. Barker, 187 U. S. 165, [23 S. Ct. 67, 47 L. Ed. 122]. It was observed in the opinion in Metcalf v. Barker, and the observation may be quoted, pertinently to the present case, that 'a judgment or decree in enforcement of an otherwise valid preexisting lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens.' The plaintiffs' judgment upon the indebtedness of Le Roy & Son to them was recovered, and docketed, considerably more than four months prior to the filing of the petition in bankruptcy. The effect was to impress upon the real estate of the judgment debtors a lien; not only as to such which was then actually held by them, but as to any that had been transferred by them in fraud of their creditors. That is a proposition which is too firmly settled by the decisions of the courts of this state to be now questioned. The property of a debtor, which has been transferred by him in fraud of creditors, still remains, as to them, the debtor's property and the lien of the creditor's judgment attaches to the real estate. The judgment creditor may enforce his judgment by a sale of the land under execution; or he may bring an action to remove the obstruction caused by the debtor's fraudulent act and proceed to enforce his judgment by a sale of the land, unembarrassed by the cloud of the transfer. McElwain v. Willis, 9 Wend. 548; Crippen v. Hudson, 13 N. Y. 161, 166; Chautauque County Bank v. Risley, 19 [N. Y.] 369, 375 [75 Am. Dec. 347]; White's Bank of Buffalo v. Farthing, 101 [N. Y.] 344 [4 N. E. 734]. I assume that this doctrine would receive the assent of the federal court; so far as applicable to cases arising within the state. Bucher v. Cheshire R. R. Co., 125 U. S. 555, 583 [8 S. Ct. 974, 31 L. Ed. 795]. The situation, upon the recovery by the plaintiffs of their judgment against Le Roy & Son, was one where they could elect to stand upon their lien and, summarily, sell the lands upon execution, which their debtors had fraudulently conveyed away; or where, proceeding more cautiously, they might invoke the aid of a court of equity in compelling the

satisfaction of their debt. They elected to bring the present action to clear away the obstruction, interposed to the collection of their original judgment through the previous transfers, and they have accomplished their purpose through the present judgment."

The motion of the trustee is denied, together with an award of costs incurred by counsel for Taylor in preparing for the hearing in the Court of Chancery excluding the cost of certified copies of deeds and transcript of bank account, and leave is given to Taylor to proceed with his suit in chancery.