## In re DENTON & HASKINS MUSIC PUB. CO., Inc.

District Court, S. D. New York.
March 11, 1935.

Abner Greenberg, of New York City, for receiver.

Murray Ehrlich, of New York City, for bankrupt.

**PATTERSON, District Judge.**

The motion is by one Greenberg, a judgment creditor of the bankrupt, to vacate the adjudication, dismiss the bankruptcy petition, and set aside an ex parte order staying the judgment creditor from further proceedings in the state court.

The bankrupt, a New York corporation, filed a voluntary petition in bankruptcy on February 25, 1935, and was duly adjudicated. The papers on which the present motion is based show that Greenberg recovered judgment against the bankrupt for $2,100 in 1933. Execution having been returned unsatisfied, Greenberg in March, 1934, commenced a suit in the New York Supreme Court to sequester the bankrupt's assets and also to set aside alleged transfers made in fraud of creditors. A temporary receiver in sequestration was appointed on July 10, 1934. Final judgment in sequestration was entered on December 31, 1934, whereby the receivership was made permanent and the receiver directed to collect the assets and distribute them among the creditors. The court made no adjudication relative to the alleged fraudulent transfers, the suit being continued as to that phase. Matters were in this posture when the bankrupt filed its voluntary petition in bankruptcy. It is also shown in the moving papers that Haskins, one of the officers or former officers of the bankrupt, swore in the course of the suit that the bankrupt had been out of business since March, 1934, and that it had no assets.

1. It is argued in support of the motion that the bankrupt had not had its principal place of business in the district for the greater part of six months preceding the filing of the petition, having been out of business altogether for nearly a year, and that consequently the court has no jurisdiction to entertain the bankruptcy proceeding. The premise may be true, but the conclusion does not follow from it. There is jurisdiction in bankruptcy wherever there is domicile, residence, or principal place of business for the major part of the six months' period. Bankruptcy Act, § 2, 11 USCA § 11. The bankrupt is a corporation organized under the laws of New York. For purposes of the Bankruptcy Act, the domicile of a corporation is in the state to whose laws it owes its corporate existence. In re Hudson River Navigation Corporation, 59 F.(2d) 971 (C. C. A. 2). The bankrupt therefore has its domicile in this district. There is nothing to show that as a corporation it has ever been dissolved. The fact that it had ceased doing business and had no assets did not extinguish its corporate existence. Nor did the appointment of a receiver in sequestration and entry of

final judgment in sequestration work a dissolution of the corporation. Kincaid v. Dwinelle, 59 N. Y. 548; People v. Troy Steel & Iron Co., 82 Hun, 303, 31 N. Y. S. 337. There being a domicile here when the voluntary petition was filed, the court has jurisdiction of a bankruptcy petition filed by the corporation. There is no force in the creditor's objection to the jurisdiction of the court.

■ 2. It remains to consider the effect of the suit brought by the judgment creditor. That suit had two aspects. The part which had to do with sequestration brought about a temporary receivership of the bankrupt's assets. The temporary receiver acquired his right to custody and possession more than four months before bankruptcy, a right reinforced later by appointment of the same person as permanent receiver. It is settled law that the possession of an officer of the state court, obtained more than four months before bankruptcy, cannot be disturbed by the bankruptcy court. In re Price, 92 F. 987 (D. C. N. Y.); In re Rogers & Stefani, 156 F. 267 (D. C. Ark.); Remington on Bankruptcy, § 2057.

■ In his suit the judgment creditor also demanded that transfers of property by the bankrupt be declared in fraud of creditors and set aside. The judgment creditor thus acquired a lien on such property, the lien contingent of course on successful outcome of the suit but nevertheless dating from commencement of the suit. Since the suit was commenced more than four months before bankruptcy, the lien was not invalidated or impaired by the later bankruptcy. The bankruptcy court has then no power to stay the judgment creditor from taking the steps necessary in the state court to realize upon his lien. These propositions were settled many years ago in Metcalf Bros. & Co. v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122. See, also, Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128; Hillyer v. LeRoy, 179 N. Y. 369, 72 N. E. 237, 103 Am. St. Rep. 919. It follows that the stay obtained by the bankrupt against further proceedings in the state court must be vacated.

■ It does not follow, however, that the adjudication should be vacated and the petition dismissed. A corporation is entitled to file a voluntary petition in bankruptcy if it is minded to, and no creditor can be heard to object unless for want of jurisdiction or for fraud on the bankruptcy court.

It has already been seen that there is no lack of jurisdiction in the bankruptcy court of this district. It is equally clear that no fraud on the court was perpetrated by the filing of the petition. Struthers Furnace Co. v. Grant, 30 F.(2d) 576 (C. C. A. 6), is a case in point. It seems probable that the bankruptcy proceeding will be futile, the administration of the bankrupt's assets and the litigation over the alleged transfers in fraud of creditors remaining properly with the state court; but probable futility is not ground for dismissal of a voluntary petition in bankruptcy.

The motion will be granted to the extent of vacating the stay of proceedings in the state court. It will be denied in so far as concerns vacating the adjudication and dismissing the petition.