**In re HENRY.**

No. 27995.

District Court, W. D. New York.

Aug. 17, 1942.

Relin & Relin, of Rochester, N. Y., for N. Rose Corp., judgment creditor.

Coatsworth & Diebold, of Buffalo, N. Y., (Kalman A. Goldring and Max Soibelman, both of Buffalo, N. Y., of counsel), for bankrupt.

KNIGHT, District Judge.

On, or about, April 6, 1933, the above named bankrupt, conveyed certain real estate to his wife, Mae Hassett Henry. On January 8, 1935, Joseph H. Broderick, as Superintendent of Banks of the State of New York, procured a judgment against said bankrupt in the Supreme Court, Erie County, New York, for the sum of $464.00 on an obligation antedating said conveyance.

John W. Henry was adjudicated a bankrupt on April 28, 1938. On July 15, 1942, an action was brought by N. Rose Corp. against the bankrupt and his wife to set aside the aforesaid conveyance on the ground that it was fraudulent. N. Rose Corp. is the successor, in interest, in said judgment to the interest of William R. White (successor to Joseph H. Broderick, as Superintendent of Banks of the

State of New York), in the aforesaid judgment.

The petition in bankruptcy named the said Broderick, as Superintendent, as a creditor on account of aforesaid judgment, and the Superintendent presented his claim thereon in the bankruptcy proceedings. That claim was allowed and a dividend thereon paid. The claim was presented and allowed as a general claim. The bankrupt was discharged June 6, 1939.

The bankrupt now moves to enjoin N. Rose Corp. and its agents from the further prosecution of the said action brought by it and all proceedings thereon. The judgment creditor, in opposition to the motion, urges that this Court has no jurisdiction to restrain the suit in the state court. It is believed that this Court has jurisdiction since the creditor's action to set aside the conveyance was commenced subsequent to the filing of the petition and the granting the discharge in bankruptcy.

The judgment creditor relies principally on the cases of Hillyer v. LeRoy, 179 N.Y. 369, 72 N.E. 237, 103 Am.St.Rep. 919, and Straton v. New, 283 U.S. 318, 51 S.Ct. 465, 75 L.Ed. 1060. These cases are distinguishable. In each, suit to enforce the lien was commenced prior to the filing of the petition in bankruptcy. The distinction is determinative of jurisdiction.

In Hillyer v. LeRoy, supra [179 N.Y. 369, 72 N.E. 238, 103 Am.St.Rep. 919], we find this statement as to the entry of judgment: "The effect was to impress upon the real estate of the judgment debtors a lien not only as to such which was then actually held by them, but as to any that had been transferred by them in fraud of their creditors * * *", but the expression there is in a sense obiter since the creditor's action was brought long before the filing of the petition. The court in Thomas v. Roddy, 122 App.Div. 851, 107 N.Y.S. 473, 478 (also cited by the judgment creditor) referring to Hillyer v. LeRoy, supra, said, in part, "All that the court held in affirming the judgment in favor of the plaintiffs, as I understand the opinion, was, that they had acquired a lien by virtue of their judgment and the commencement of the action * * *." In Straton v. New, supra, the question certified for determination was whether the docketing of a judgment and the institution of suit thereon more than four months preceding bankruptcy ousted state jurisdiction or vested it in the district court. The court there repeatedly

emphasized the fact that the creditor's suit was brought prior to adjudication. Among other things the court there said [283 U.S. 318, 51 S.Ct. 467, 75 L.Ed. 1060], "And a creditor holding a valid judgment more than four months old will be enjoined from enforcing its lien by suit brought after the date of the petition", and also, "It is obvious that it [plaintiff's judgment] and any other judgments involved in that suit * * * were valid notwithstanding the bankruptcy, because the creditors' suit was filed five and one-half months before the petition in bankruptcy, * * *." The court there was considering the effect of Section 67, sub. f of the old bankruptcy act, now 67, sub. a in part, 11 U.S.C.A. § 107, sub. a.

Referring to Metcalf v. Barker, 187 U. S. 165, 23 S.Ct. 67, 47 L.Ed. 122, in Straton v. New, supra, it was said that it then held "that the lien when established related back to the date of the filing of the bill, which was much more than four months before the initiation of the cause in bankruptcy," and also said "the federal courts have with practical unanimity held that where a judgment which constitutes a lien on the debtor's real estate is recovered more than four months prior to the filing of the petition, the bankruptcy court is without jurisdiction to enjoin the prosecution of the creditor's action, instituted prior to the filing of a petition in bankruptcy, to bring about a judicial sale of the real estate". Here is a clear intimation that the bankruptcy court has jurisdiction where suit was not brought prior to adjudication. The court points out that the cases cited by the appellee are those in which a lien was acquired within four months of the filing of the petition, "or where, after the filing of the petition an action was begun to enforce a lien valid in bankruptcy".

In re Denton & Haskins Music Publishing Co., Inc., D.C., 10 F.Supp. 802, 804, cited by the creditor, the judgment creditor's action was commenced more than four months before bankruptcy, and referring to the judgment creditor's action, the court said, "In his suit the judgment creditor also demanded that transfers of property by the bankrupt be declared in fraud of creditors and set aside. The judgment creditor thus acquired a lien on such property, the lien contingent of course on successful outcome of suit but nevertheless dating from commencement of the suit. Since the suit was commenced more than four months before bankruptcy, the lien was not invalidated or impaired by the later bankruptcy."

In Metcalf v. Barker, supra, the question certified to the Supreme Court was whether, by the institution of a creditor's action, the creditor acquired a lien superior to that of the trustee. There, the court was considering a judgment creditor's action brought and concluded by judgment prior to adjudication and construing the effect of old Section 67, sub. f of the bankruptcy act (now 67, sub. a) in part then and now reading "A judgment or decree in enforcement of an otherwise valid pre-existing lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens" [187 U.S. 165, 23 S.Ct. 71, 47 L.Ed. 122].

Other cases cited by the judgment creditor have no application. Reilly v. Sabin, 65 App.D.C. 125, 81 F.2d 259, in which a judgment creditor's action brought in a state court within four months preceding adjudication held that the state court had jurisdiction by virtue of a state code provision making a judgment a lien when entered. The court also held that the lien attached when the judgment on the debt was entered whether creditor's action was brought before or within the four months' period. That case is not in point here since the creditor's suit herein was not brought until long after adjudication and further, no corresponding state law is here shown.

In re Berlowe, D.C., 7 F.2d 898, 899, involved the question of the right to bring a judgment creditor's suit within the four months where a levy on an execution had been laid more than four months prior to adjudication. The court in part said: "To me it appears that the securing of the original judgment and the issuance of execution thereon and levy thereunder clearly establish Taylor's lien. * * * In my opinion, the levy of the sheriff was the last move in the creation of a legal lien, and this fact makes inapplicable such cases as have been cited and deal with equitable liens."

█ Further, it is believed that the judgment creditor waived any rights to bring suit to set aside the conveyance because its claim on the debt in question was filed in bankruptcy as a general claim and a dividend paid thereon.

As was said in Thomas v. Roddy, supra, "The fact that a creditor has reduced his

claim to judgment, which gives him a lien upon the bankrupt's property, does not prevent, if he sees fit to do so, his filing his claim in the bankruptcy proceeding. He is not obliged to embark in litigation for the purpose of enforcing his lien. He may waive that right, and take his chances with all the other creditors * * *."

Here, as pointed out in that case, the trustee could have instituted an action to set aside this conveyance. It appears that the bankrupt was examined at length and no suit was instituted nor did any creditor urge the institution of such a suit.

It is noted that Mae Hassett Henry is a party to the suit in the Supreme Court and it is urged that this court has no jurisdiction to enjoin suit against her. This suit is brought to set aside a transfer from the bankrupt to her. That, in effect, is an action to enforce a lien. The basis of the decision of this court that it has jurisdiction is that there is no lien which the judgment creditor can now enforce in the state court, and that being so, suit can not be maintained as to either the bankrupt or Mae Hassett Henry.

Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 has no bearing. This case does not involve the question of diversity of citizenship or the amount in suit. This issue arises under the bankruptcy act and in the administration of that act, the state law can have no effect, except as specifically provided by the act or required by comity. Prudence Realization Corporation, Petitioner, v. A. Joseph Geist, Trustee, April 27, 1942, 62 S.Ct. 978, 86 L.Ed. ——.

The motion on behalf of the bankrupt is granted.