In re ADAMO.

(District Court, E. D. New York. February 9, 1907.)

BANKRUPTCY—COMPROMISE OF SUIT BY TRUSTEE.

    A trustee in bankruptcy will not be authorized to compromise and settle a suit brought by the bankrupt in a state court without the consent of the bankrupt's attorney in such suit who has a lien on any judgment recovered for his services.

In Bankruptcy. On report of referee.

Linus A. Gould, for bankrupt.
Fredk. W. Sparks, for trustee.

CHATFIELD, District Judge. The bankrupt, Angelo Adamo, was a builder, and the principal part of his estate in bankruptcy consists of a claim against one Clara Mann for the sum of $1,714.50. This claim is represented by a mechanic's lien, now under process of foreclosure, with Mr. Robert E. Knowles, of 15 Wall street, New York, acting as attorney of record for the plaintiff. In said mechanic's lien suit, subsequent lienors, and also subcontractors, have appeared and answered, setting up claims to the amount of $1,658.62. These subsequent lienors claim the amounts of their liens as against the contractor, who is the bankrupt, as well as against the owner of the property; and the bankrupt, in turn, has raised issues disputing the validity of these liens and the amount due thereunder. Under these circumstances Clara Mann, the owner of the property against which the liens are filed, asks to be allowed to compromise and settle the subcontractors' liens for sums which they in writing have consented to receive in satisfaction of their liens, and, in addition, to pay the difference between the total amount of the subsequent liens and the original lien filed by the bankrupt into the bankruptcy court, thus leaving the net amount available to the unsecured claims in bankruptcy the same as if the bankrupt should recover the total amount for which he was suing in the lien suit, and if the subcontractors recover all of their claims against him.

The referee reports that in his opinion it will be well to carry through the compromise. That recommendation would seem to be good, so far as the position of the trustee is concerned; but inasmuch as the attorney for the bankrupt, who has prosecuted the mechanic's lien action, has an attorney's lien for services therein, and inasmuch as the rights in that action cannot be adjudicated in the bankruptcy proceedings, except as the matter is brought into the bankruptcy court by consent, it is impossible to approve the compromise and direct that the trustee be allowed to carry it out, unless all the parties interested waive any particular right to litigate their claims in the state court.

Upon the argument of the motion the bankrupt, throught his attorney, made the claim that the subcontractors' liens could be reduced, and the lien of the bankrupt entirely substantiated, on a trial. The result of this would be to increase the bankrupt's estate, and it is impossible to determine upon this motion whether more than the net sum of $55 would come into the hands of the trustee after the payment of costs and disbursements. The trustee may now be the proper person to decide as to the prospect of a successful outcome of the mechanic's lien litigation, and the report of the referee, approving the compromise, is sufficient to satisfy the court as to the propriety of the trustee's position. At the time of making the motion, however, the attorney who had instituted the mechanic's lien foreclosure action had some rights in forcing that issue to an adjudication in the state court. Since the argument of the motion, a written consent by the plaintiff's attorney in the lien action to accept a stated sum in satisfaction of any lien which he may have on the proceeds of that action has been submitted and ordered filed with the motion papers.

The attorney for the trustee consents to the payment of this amount, and therefore the motion to approve the referee's report and for an order allowing the compromise will be granted.

The order should provide that the trustee, at the time of releasing the lien of the bankrupt, and receiving the net sum to go to the bankrupt's estate, obtain a certificate of satisfaction of the mechanics' liens of the subcontractors, and receipts in full for all claims of both the subcontractors and the attorney for the bankrupt. These receipts will be filed as a part of this proceeding.