## In re NORRIS.

(District Court, N. D. Iowa, C. D. July 31, 1922.)

### No. 1447.

Bankruptcy ⬅︎200(3)—Attachment lien not discharged by filing of petition more than four months later.

The lien created by levy of an attachment under the laws of the state is not invalidated by the adjudication in bankruptcy of the attachment defendant on a voluntary petition filed more than four months after the levy.

In Bankruptcy. In the matter of Oliver L. Norris, bankrupt. On review of order of referee, refusing to set aside property as exempt. Affirmed.

McCrary & Urbany, of Carroll, Iowa, for bankrupt.

SCOTT, District Judge. The above-entitled matter came on for hearing before the court on the 13th day of June, 1922, upon the petition of the bankrupt, Oliver L. Norris, for review of an order by John M. Schaupp, Jr., referee in bankruptcy, made and entered on the 17th day of April, 1922, by the terms of which order the referee held that the court of bankruptcy had no jurisdiction to determine and set aside property as exempt to the bankrupt under the laws of the state of Iowa— said property having been levied upon by the sheriff of Carroll county under writ of attachment issued in an action at law pending in the district court of Iowa in and for Carroll county wherein Charles M. Russell was plaintiff and Oliver L. Norris and his wife, Emma Norris, defendants; said levy under said writ having been made on the 2d day of September, 1921, more than four months prior to the bankrupt's filing

⬅︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

his voluntary petition, and said property having at all times been retained in the custody of said sheriff under said writ.

It further appears from the record that the action at law aforesaid was diligently prosecuted and judgment rendered shortly prior to the filing of the voluntary petition by the bankrupt. The bankrupt, while the property was so held by the sheriff, had served formal demand for its return upon the ground that it was exempt from execution. The court, however, in its judgment specifically found that the certain notes sued upon by the plaintiff, Russell, in said action, were given by the defendants to the plaintiff to evidence the purchase price of said property, and that said property was therefore not exempt under the statutes of Iowa.

The real question presented is whether the lien created by the levy of a writ of attachment issued under the statute of Iowa in an action in the district court of said state is invalidated by the adjudication in bankruptcy of the attachment defendant upon a voluntary petition in bankruptcy filed more than four months after the levy of the writ? Section 67f of the Bankruptcy Law (Comp. St. § 9651) provides:

"That all levies, judgments, * * * or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt," etc.

A situation similar to the one presented in the instant case was considered by the Supreme Court of the United States in Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, and there determined in favor of the validity of the levy and against the proposition that the lien effected by such levy was avoided under section 67f of the Bankruptcy Law of 1898. In that case the lien was initiated and acquired by a creditors' bill filed more than four months before the voluntary petition in bankruptcy was filed and ripened into judgment within the four months period.

In the opinion of the court the question now presented should be ruled by the case of Metcalf v. Barker, supra, and the order of the referee, denying the motion of the bankrupt to set aside the property as exempt, is approved and affirmed.