## In re HOPKINS.

## In re GREENE.

(District Court, D. Rhode Island. October 6, 1926.)

No. 2434.

1. **Bankruptcy** $\Longleftarrow$ 342½.

Bankrupt, as well as trustee, may maintain petition for review of order of referee allowing a claim.

2. **Bankruptcy** $\Longleftarrow$ 228.

Delay in certifying record of referee will not defeat right of review, where caused by illness or death, of referee.

3. **Bankruptcy** $\Longleftarrow$ 324.

When there is surplus after paying expenses and claims, interest will be paid therefrom on claims from date of petition.

4. **Bankruptcy** $\Longleftarrow$ 308.

Rights of creditor cannot be prejudiced or affected by failure of voluntary bankrupt to schedule his claim.

In Bankruptcy. In the matter of Ardell D. Hopkins, bankrupt. On motion to dismiss bankrupt's petition for review of order of referee allowing claim of John B. W. Greene, petition dismissed, subject to amendment.

John P. Fox, of Providence, R. I., for bankrupt.

Quinn, Kernan & Quinn and Daniel A. Colton, all of Providence, R. I., for creditors.

BROWN, District Judge. [1] In support of the motion to dismiss, it is contended that the trustee alone is authorized to institute proceedings for the examination and expunging of claims. See In re Lewensohn, 121 F. 538, 57 C. C. A. 600; In re New England Tire & Rubber (D. C.) 13 F.(2d) 1004; Collier on Bankruptcy (13th Ed.) p. 1172.

Ordinarily, the duty of protecting the creditors against improper claims is to be performed by the trustee. It does not follow, however, that the bankrupt can in no instance contest the allowance of a claim of a creditor.

General order XXVII provides for a petition for review by a bankrupt as well as by creditor, trustee, or other person.

The bankrupt contends that the amount of money received by the trustee is sufficient to pay all expenses incidental to the bankruptcy proceedings; to pay in full all creditors who were scheduled in the bankruptcy petition, leaving a surplus of approximately $1,500.

The allowance of the claim which is contested would destroy this surplus and reduce the scheduled creditors from full to partial payment. In contesting the claim, therefore, the bankrupt is acting, not only for his own interest, but for the interest of other creditors.

[2] The referee committed no error in hearing testimony upon this question and in allowing the bankrupt's petition for a review. The delay in certifying the record to the district judge was due to the illness and death of the referee, and the bankrupt's right to a review is not prejudiced thereby.

[3] The claim of the bankrupt to a surplus is subject, however, to the rule stated in Johnson v. Norris, 190 F. 459 (C. C. A. 5th Circuit) 111 C. C. A. 291, L. R. A. 1915B, 884. Where there is a surplus of a voluntary bankrupt's estate after the payment of all proved claims and interest thereon to the date of the petition, such surplus shall be applied, first, to the payment of the interest accruing on the claims subsequent to the filing of the petition, and the remainder only returned to the bankrupt. 2 Collier on Bankruptcy (13th Ed.) p. 1498.

[4] The fact that Greene was not scheduled as a creditor upon the voluntary petition is of no consequence. The law gives other creditors the right to come in and to prove their claims before the referee. There is no merit in the contention that the voluntary bankrupt may limit the referee's or trustee's power by failing to schedule claims. The bankrupt does not create a trust with named cestuis. This is a wholly erroneous view of a voluntary proceeding in bankruptcy.

I am of the opinion that the motion to dismiss the bankrupt's petition on the ground that only the trustee can prefer the petition should be denied.

The brief for the bankrupt, however, urges that the creditor's claim as filed and allowed is without authority of law because not filed or allowed by any provision of the Hopkins petition. This objection is entirely unsound. The creditor's right arises under the Bankruptcy Act (Comp. St. §§ 9585–9656) irrespective of the bankrupt's statement in his schedule. The estate in the hands of the trustee is distributed among those whose claims are allowed and not merely among those whom the bankrupt chooses to schedule.

The motion of the creditor J. B. W. Greene to dismiss is denied. The bankrupt's objection that the creditor's claim was filed and allowed without authority of law is overruled.

No other objection to the claim being assigned at the hearing, the petition for a review will be dismissed on October 14th, 1926, unless before that date the bankrupt shall in writing assign good cause to the contrary.