## In re CHEROKEE PUBLIC SERVICE CO.
## DICKINSON v. ORR et al.
### No. 3781.

District Court, E. D. Arkansas, W. D.

Aug. 11, 1937.

J. A. Tellier, of Little Rock, Ark., for W. D. Dickinson, trustee.

Rosser & Rosser, of Muskogee, Okl., for H. H. Orr et al.

RAGON, District Judge.

E. H. Orr filed a suit in the district court of Wagoner county, Okl., on July 18, 1929, against the Cherokee Public Service Company. At the time of filing the suit, the plaintiff, Orr, filed an affidavit for attachment under the provisions of section 340, C.O.S.1921 (the same as section 597 of the Oklahoma Statutes of 1931 [12 Okl.St.Ann. § 1151]). A writ of attachment was issued by the clerk and placed in the hands of the sheriff of said county, and on July 22, 1929, the property of the defendant company was levied upon by the sheriff. The property was appraised as required by the Oklahoma Statute and return was made upon the writ. On July 25, 1929, the defendant by motion sought to dissolve the charge, but apparently this motion was never pressed.

In November, 1931, the cause was tried before a jury and a verdict in favor of Orr for the sum of $5,000 was returned, and judgment was rendered thereon on November 28, 1931. The court found that the sheriff had attached certain property of the company which included all of the property advertised for sale on February 1, 1937, and had in his possession and ordered it sold to satisfy the judgment. On June 15, 1932, the attachment proceedings were dismissed as to a small portion of the personal property attached, upon request of defendant.

On May 9, 1932, the original motion for a new trial and the supplemental motions were overruled, and W. D. Dickinson, who was trustee in bankruptcy for the Cherokee Public Service Company, on his own motion was made a party defendant, and notice of appeal to the Supreme Court of Oklahoma was given by the defendants. The Cherokee Public Service Company had been adjudicated a bankrupt on January 1, 1932. On appeal the Supreme Court of

Oklahoma affirmed the judgment of the lower court on November 4, 1936. Cherokee Public Service Co. v. Orr, 178 Okl. 96, 62 P.(2d) 58.

After the affirmance by the Supreme Court a special execution and order of sale was issued by the court clerk of Wagoner county, and in due time the property was appraised and advertised for sale as attached property. All of the property was located in Oklahoma. A short time before the day of sale an order was procured from the United States District Court for the Eastern District of Arkansas, enjoining and restraining the sheriff of Wagoner county and H. H. Orr from proceeding with the sale. Orr subsequently filed a response in the United States District Court for the Eastern District of Arkansas, setting up the facts herebefore mentioned, asking that the temporary order be dissolved and that the trustee's suit be dismissed.

It is the contention of the defendant, Orr, that the United States District Court for the Eastern District of Arkansas has no jurisdiction to issue a restraining order against citizens and residents of Oklahoma; and that the suit cannot be maintained because the defendants are proceeding under a judgment sustaining an attachment sued out and levied more than four months prior to the time of the filing of the bankruptcy petition by the Cherokee Public Service Company.

The attachment in this case was effectively levied on July 22, 1929, and it was not until January 1, 1932, that the Cherokee Public Service Company was adjudicated a bankrupt. The judgment enforcing the attachment lien was rendered on November 28, 1931. After the Cherokee Public Service Company became a bankrupt and after the motion for a new trial had been overruled by the trial court, the court then granted a request of the trustee, Dickinson, to be made a party, and he and the defendant appealed the case to the Supreme Court of Oklahoma. On November 4, 1936, the Supreme Court of Oklahoma, in the case of Cherokee Public Service Company et al. v. Orr, 178 Okl. 96, 62 P.(2d) 58, handed down a decision affirming the judgment of the lower court. Thus it will be seen that the attachment was levied more than two years before the Cherokee Public Service Company was adjudicated a bankrupt. The judgment of the trial court in sustaining the attachment was rendered within the four-month period before the filing of the petition in bankruptcy.

This case comes squarely within the rule laid down in the case of Metcalf Bros. v. Barker, 187 U.S. 165, 23 S.Ct. 67, 71, 47 L.Ed. 122. In the Metcalf Case, the court in construing section 67(f) of the Bankruptcy Act (11 U.S.C.A. § 107(f) said: "In our opinion the conclusion to be drawn from this language is that it is the lien created by a levy, or a judgment, or an attachment, or otherwise, that is invalidated, and that where the lien is obtained more than four months prior to the filing of the petition, it is not only not to be deemed null and void on adjudication, but its validity is recognized. When it is obtained within four months the property is discharged therefrom, but not otherwise. A judgment or decree in enforcement of an otherwise valid pre-existing lien is not the judgment denounced by the statute, which is plainly confined to judgments creating liens. If this were not so the date of the acquisition of a lien by attachment or creditor's bill would be entirely immaterial."

The effect of the judgment rendered on November 28, 1931, was merely to enforce a valid lien established under the Oklahoma statutes. If the effect of the judgment is to create a lien and it is rendered within four months of the filing of the petition, then such judgment comes under the condemnation of section 67(f). If, however, the effect of such judgment is merely to enforce a lien valid and existing at the time the petition was filed, then such judgment is not affected by the statute. Therefore, when the attachment is levied more than four months prior to bankruptcy, the prosecution of the claim to judgment and sale within the four months should not be enjoined or the sale, if made, set aside. It is contended by the trustee that this judgment rendered on November 28, 1931, was such a judgment as is condemned by the bankruptcy statute, but the rule established by all the courts fails to sustain the trustee's position. Minnich v. Gardner, 292 U.S. 48, 54 S.Ct. 567, 78 L.Ed. 1116; McGonigle v. Foutch (C.C.A.) 51 F.(2d) 455, 460; Reilly v. Sabin, 65 App.D.C. 25, 81 F.(2d) 259, 260; In re White Star Refining Co. (C.C.A.) 74 F.(2d) 269, 271; Emrich v. Erickson (C.C.A.) 78 F.(2d) 858, 859; Gatell v. Millian (C.C.A.) 2 F.(2d) 365; Yumet & Co. v. Delgado (C.C.A.) 243 F. 519; In re Thompson (D.C.) 288 F. 385; In re Houtman (D.C.) 287 F. 251; Griffin

v. Lenhart (C.C.A.) 266 F. 671; In re Norris (D.C.) 283 F. 860.

The contention of the trustee that execution could not be issued because under the Oklahoma statute the judgment was dormant, the court thinks, is without basis. The Oklahoma statute (12 Okl.St.Ann. § 735, St.Okl.1931, § 442) provides that if execution shall not be issued within five years after the date of any judgment in any court of record of the State that such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor. The record disclosed that the order overruling the motion for a new trial was made on the 9th day of May, 1932. The order overruling the motion for a new trial stayed execution for a period of thirty days thereafter. Under the circumstances, the five-year period had not expired at the time execution was issued.

Since the validity of this attachment was sustained by both the lower court and Supreme Court of Oklahoma, and in view of the long line of decisions holding that an attachment lien such as is involved in this case is not affected by the bankruptcy statute, the injunction in the present case cannot, therefore, be sustained, and an order is directed dissolving the injunction issued on the 30th day of January, 1937, and dismissing the case.