## In re NIAGARA FALLS MILLING CO.

### No. 27774.

District Court, W. D. New York.

Aug. 14, 1940

---

David E. Jeffery, of Lockport, N. Y., for trustee.

George L. Grobe, U. S. Atty., by R. Norman Kirchgraber, Asst. U. S. Atty., both of Buffalo, N. Y.

Kevin Killeen, of Buffalo, N. Y., for Raymond A. O'Connor and R. A. O'Connor Co., creditors.

KNIGHT, District Judge.

It appears beyond dispute that this estate has a substantial claim against the Government of the United States for a refund of so-called processing taxes. It also appears without controversy that the Government has a claim against the estate on account of certain income and excess profit taxes. There were certain disputes as to both the amount of the processing taxes and the amount of the Government taxes. An extensive effort was made by the trustee and representatives of the Government to reach a determination as to the amount of each of the claims in favor of or against the estate, and as a result of audits made on behalf of the trustee and by investigators for the Government, a compromise was tentatively agreed upon whereby the refund of the processing taxes was fixed at the sum of $61,673.03 and the amount of default taxes in the amount of $51,673.03, leaving the net amount due the bankruptcy estate from the Government, of $10,000.

Upon the petition of the trustee which set forth the proposed terms of· the compromise, upon notice to all creditors in the estate, a meeting was held to pass upon the question of the adoption of the compromise as proposed. No testimony was taken. There was some discussion between the representative of the trustee and the attorney for the creditors named, but upon submission of the question to a vote, all of the creditors, in claims representing $38,709.-84, save the creditors Raymond A. O'-Connor and R. A. O'Connor Company, who held a claim in the amount of $3,800, and certain creditors in small amounts, approved the compromise. The creditor Raymond A. O'Connor objected to the compromise and he now ·seeks to bring the decision for compromise to this Court for determination.

Section 27 of the Bankruptcy Act, 11 U.S.C.A. § 50, provides that the trustee may compromise a controversy with the approval of the Court. The rule is well established that there is a wide discretion in the court in the approval of the compromise offer. Numerous factors must be taken into consideration, and it will be assumed that these have been considered.

The difficulty in this case is that there is no record to show the method by which the compromise was arrived at. The trustee employed auditors who examined the books of the company and these and numerous investigators apparently spent much time in their consideration, but no examination of any of these as to any of the records appears. Mr. O'Connor, one of the contesting creditors, is an auditor and was formerly employed by the bankrupt company. He is familiar with the books of the company, and as appears from briefs submitted, he has gone through the books for the purpose of determining not only the processing taxes, but also the taxes due the Federal Government.

Had there been any evidence submitted before the Referee to show the basis and the reasonableness of the compromise, this Court would be slow to interfere with the decision of the Referee. It is true in this case that the objecting creditor did not ask for an examination before the Referee, and he, as well as the other parties, seems to have taken the position that everything was before the Court which was needed for the decision of the Court. This I do not think is so. Irrespective of the question of lack of objection on the part of the creditor, because the record is barren of proof to show what the basis of the settlement was, I think this matter must be sent back to the Referee for further testimony as indicated, on the part of the accountant, and so that Mr. O'Connor can present such testimony as he may be advised, etc.