In the Matter of S. F. BROTHERS COMPANY, Bankrupt.

No. 34092.

United States District Court
E. D. Michigan, S. D.
March 9, 1955.

Weiswasser, Jaffe & Radner by Benjamin D. Jaffe, Detroit, Mich., for Walter Weisman, trustee.

Fred B. Collier, Royal Oak, Mich., for bankrupt.

PICARD, District Judge.

This matter involves bankrupt's petition for re-reference pursuant to Rule 29(d) (1) District Rules in Bankruptcy, Eastern District of Michigan, after it had filed a petition for review of the Referee in Bankruptcy's order.

Findings of Fact.

On May 1, 1952, creditors of S. F. Brothers Company, filed an involuntary petition in bankruptcy on which order of adjudication was entered November 17, 1952.

The First Michigan Cooperative Housing Association then filed a claim against bankrupt for $76,061.06 at the same time denying bankrupt's claim against it for $202,000.00 as appeared in the schedules. Fraud was alleged but the action was really based on claimed overpayments to bankrupt of some contract covered items, possibly by error. Later the trustee petitioned the referee for approval of a compromise of those two claims and on October 29, 1954, a hearing was held. At this hearing the bankrupt, through its attorney, objected to approval of the compromise and petitioned for permission to continue its suit then pending in the United States District Court wherein the above respective claims were being litigated. On November 5, 1954 the

referee denied bankrupt's petition to be heard on the merits of the two claims and entered an order approving the compromise.

This court has been furnished with a transcript of the testimony taken at that hearing and we believe it lends substance to petitioner's claim that the referee did arrive at certain conclusions without getting proffered testimony covering the points involved. As provided in this District's Bankruptcy Rules a bankrupt which seeks a review of a referee's order and then desires to have the matter re-referred to the referee must enumerate in its petition the alleged "inadvertent mistakes of facts or law," "alleged mistakes and imperfections," "nature and source of the newly discovered evidence" if any, and that said mistakes or imperfections or newly discovered evidence is or are material, may be controlling, is not merely cumulative "and could not have been sooner discovered by the use of due diligence," all of which was done by this petitioner. However, after examining the same we find that none of the grounds appears to be significant except one—to-wit: that petitioner bankrupt was refused the right to state—in open court—its reasons why the compromise should not be approved and to explain the alleged greater merits of bankrupt's claim against First Michigan over any claim that First Michigan might have against it.

This the referee admittedly refused to do on the theory that a bankrupt has no right to object to the approval of a compromise. Furthermore, the trustee not only questions the right of petitioner to be heard before the Referee in Bankruptcy but now questions his right to review the order of the bankrupt in this court. See In re Hopkins, D.C., 15 F.2d 206.

### Conclusions of Law.

Bankrupt does not question the right of the Referee in Bankruptcy to approve this compromise and so the case of In re Kranich, D.C., 174 F. 908, submitted by counsel for the trustee, does not apply. There the question simply related to an attempt to curtail the powers of the referee by resorting to circumvention of his powers by a state court action.

Bankrupt's claim is simply this—that it has a right to be heard and we hold that the fact that it is the bankrupt does not limit its right in court. As was suggested by In re Hopkins, supra, where it was held that the bankrupt had the right to contest and be heard in matters relating to allowance of claims. Surely if a bankrupt has a right to object to a claim then it should have the right to oppose and be heard in matters that might affect the bankrupt's estate such as a compromise.

See In re Adamo, D.C., 151 F. 716; In re Truscott Boat & Dock Co., D.C., 92 F.Supp. 430; In re Sumner, D.C., 101 F. 224.

The case of In re Van Camp Products Co., 7 Cir., 95 F.2d 206 held that stockholders of the bankrupt had standing to review an order of the referee compromising claims. Here again we reason that if stockholders have such a right certainly the bankrupt company or bankrupt himself has the same right.

Furthermore the bankruptcy law anticipates a close relationship between the bankrupt and its trustee (Title 11, U.S.C.A. § 25) but if the trustee does not cooperate in return is the bankrupt left entirely deserted? Our answer is that it is not.

■ We hold that the bankrupt here has the right to oppose and be heard in its opposition. Since that is true and since it was not heard, the matter must now be sent back to the referee for further testimony. In re Niagara Falls Milling Co., D.C., 34 F.Supp. 801.

Nor is absence of evidence on the merits of the claims remedied by the approval of a majority of the creditors. In re Peppers Fruit Co., D.C., 24 F.Supp. 119.

■ Other claims made by petitioner are passed over as immaterial. For example, the Referee in Bankruptcy is an arm of this court and as such can take judicial notice of its own records. Sun-

kist Drinks, Inc., v. California Fruit Growers Exchange, D.C., 25 F.Supp. 400. See also National Labor Relations Board v. Bill Daniels, Inc., 346 U.S. 918, 74 S.Ct. 305, 98 L.Ed. 413, reversing 6 Cir., 202 F.2d 579 which held to the contrary. So the referee could find that bankrupt had had other troubles; that petitioner had been president of both bankrupt and First Michigan and that bankrupt's affairs were hopelessly entangled. But that does affect the main question here.

From reading the transcript it is apparent to this court that the referee may have been impelled by his knowledge and familiarity with the troubles of this particular petitioner. Nevertheless petitioner had his rights and the referee in bankruptcy should have welcomed any information Collier had as to the merits of bankrupt's claim compared to the merits of the claim of First Michigan. Undoubtedly the referee felt that this would be a waste of time but even if his deduction was correct there is always the possibility that some evidence so obtained may be a factor. With all the facts before him the referee could then make his decision.

We do not intend to usurp the rights of the referee but at no time should it appear that one, who is as familiar and interested as a bankrupt must be in its own property, may be denied all opportunity before the proper court to establish such facts as it may have. Whether or not the claims of First Michigan and the bankrupt should be compromised we do not now decide. We leave the determination of that question to the referee or presented to us on review, if review is sought. At present we confine our holding within the limits indicated herein.

### Rights of Referee.

Another issue has been directed to the court's attention although no great emphasis was placed upon it by petitioner either in open court or its brief. Nevertheless it appears that it does contend that the bankruptcy court could not assume any control or jurisdiction over either claim in question, particularly that of First Michigan v. bankrupt because that claim was unliquidated and therefore the bankruptcy court has no jurisdiction. Then it follows with the further contention that even if the trustee had jurisdiction he not only refused to assume control of bankrupt's pending action or claim against First Michigan but in open court stated that he "would have nothing to do with that claim" or words to that effect.

We do not have that transcript before us but it is evident that the bankruptcy court did assume control and disposition of those conflicting claims making an order after a hearing. Furthermore petitioner recognized and still does recognize such assumption by the referee as rightful when it filed its appeal from that order and then asked to have the entire question re-referred to the referee.

The only criticism by this court is aimed at the scope of the referee's hearing—not the result nor acceptance of claims in controversy. We hold that the entire matter is before the Referee in Bankruptcy; that he has authority to pass on both claims even though First Michigan was at one time not liquidated (Title 11 U.S.C.A. § 93, sub. d; In re Skidmore, D.C., 29 F.Supp. 293; Kessler v. Jefferson Storage Corporation, 6 Cir., 125 F.2d 108; In re Schroeter, D.C., 52 F.Supp. 667) although this court does not admit that either claim is or was unliquidated; and to compromise them; (See Section 27 Bankruptcy Act, Title 11 U.S.C.A. § 50 and Order No. 33 of General Orders in Bankruptcy, 11 U.S.C.A. following section 53) that a hearing be held and, if requested, a review of the referee's order by this court will be made.

An order in compliance with this opinion will be prepared for our signature by the petitioner.