In The Matter Of S. F. BROTHERS COMPANY, Bankrupt.

No. 34092.

United States District Court
E. D. Michigan, S. D.

June 5, 1956.

See also 151 F.Supp. 153.

Walter I. McKenzie, Detroit, Mich., referee in bankruptcy.

Fred B. Collier, Royal Oak, Mich., for bankrupt.

Clarence L. Smith, Pontiac, Mich., for Collier.

Walter G. Wiseman, Detroit, Mich., trustee in bankruptcy.

Weiswasser, Jaffee, & Radner, Detroit, Mich., for trustee.

PICARD, District Judge.

Petition for review of an order of the Referee in Bankruptcy denying petitioners' motion to dismiss an order to show cause.

### Findings of Fact

Subsequent to filing of the involuntary petition in bankruptcy on May 1, 1952, a plan of arrangement was offered on behalf of the bankrupt wherein it was proposed that the latter's indebtedness would be discharged by installment payments, to be secured by mortgages on certain real estate allegedly owned by others. The plan failed, however, and S. F. Brothers Company was adjudicated bankrupt November 17, 1952.

On December 2, 1952, the receiver petitioned for a show cause order directed to Fred B. Collier, Diane Collier, Collier Lincoln Development Company, Collier Brothers, Nu-Basic Chemical Company, and First Michigan Cooperative Housing Association. It was requested that the above named parties be required to show cause why certain real estate should not be turned over to the receiver. The referee states in his certificate that an order was entered on the petition and served on the parties named but that none filed a response thereto. Subsequently, however, the trustee and the parties, except First Michigan, who claimed no interest in the property, entered into a written stipulation wherein it was agreed that said real estate would be turned over to the receiver, sold and the proceeds held intact until the rights of the parties were determined. This is the identical property claimed by the trustee and for which the show cause order had been granted.

Pursuant to the stipulation the receiver sold the property and the funds from the sale are being held by the trustee.

No further action was taken by the trustee or the other parties until December 2, 1955 when the former filed a petition upon which the referee entered an order, requiring Fred B. Collier, Diane Collier, Collier Brothers, Nu-Basic Chemical Products Company, and Elmer Eberle, the state court appointed receiver of Collier Lincoln Development Company, to show cause why the proceeds from sale of the realty should not be released from any claims asserted by them or any of them. Answers were filed on behalf of all respondents contesting the trustee's petition and attacking its sufficiency. Subsequently an amended answer was filed on behalf of all respondents except the receiver of Collier Lincoln Development Company, interposing an objection to the Bankruptcy Court's jurisdiction, including a motion to dismiss the trustee's petition and to vacate the show cause order. Arguments of counsel on the motion were heard February 7, 1956 and on February 9, the referee entered an order denying the motion to dismiss, and indicated that the court had jurisdiction over the controversy. On February 17, a petition for review of that order was filed, and on February 27, after the referee had prepared his certificate, a second petition was filed to correct and supplement said certificate.

The equities and rights of the parties as evidenced by the referee's conclusions are not questioned by petitioner. Only the question of jurisdiction is before this court.

### Conclusions of Law

The petition for review filed February 17, designates eight assignments of error. In many instances the claims of er-

ror are needless tautologies and can be reduced to three, as follows:

(a) The trustee's petition failed to state a claim upon which relief could be granted;

(b) The referee failed to rule on petitioners' motion to dismiss the trustee's petition and to set aside the show cause order; and

(c) The referee erred in holding that the Bankruptcy Court had jurisdiction to determine petitioners' rights to the proceeds realized from sale of the real property in question.

■■ The Bankruptcy Court, after reasonable notice, has jurisdiction to determine controversies between the trustee and adverse claimants if the property which is the subject of the controversy has been lawfully reduced to actual possession by court officers. Clay v. Waters, 8 Cir., 178 F. 385. In the case at bar the trustee's petition alleged that the property had been so reduced and that it was for the best welfare of the estate that the rights of the parties to the money received from the sale thereof be determined as early as possible. We think the petition stated a claim upon which relief could be granted.

■ We also hold that the referee was correct in ruling that the Bankruptcy Court had jurisdiction to decide the issue. The parties by stipulation voluntarily turned the property over to the receiver to be sold and the proceeds to be held intact until a determination of rights. See In re Prokop, 65 F.2d 628.

■ Petitioners are also in error when they contend that the referee did not rule on their motion to dismiss trustee's petition and to vacate the order to show cause. The referee, in face of petitioners' motion to dismiss and their denial of jurisdiction, entered an order inconsistent with granting the relief sought. As stated in Mosier v. Federal Reserve Bank of New York, 2 Cir., 132 F.2d 710, at page 712 quoting 42 Corpus Juris 511, the court said:

> "The determination of a motion is not always express, but may be implied. Thus the entry of an order inconsistent with granting the relief sought is a denial of the motion." See also 60 C.J.S. Motions and Orders, § 37.

■ Turning to the petition of February 27, which seeks to correct and supplement the referee's certificate, we fail to see any contention which has merit. Petitioners seem to complain of certain statements in the referee's certificate on grounds that there is no evidence to support them. We have examined the statements and find that facts set forth are a matter of record. As stated in our opinion previously rendered—In the Matter of S. F. Brothers Company, 151 F.Supp. 150, the referee is an arm of this court and as such can take judicial notice of its own records. Furthermore, the statements in no way prejudice petitioners. They were present when the hearing on the show cause order was held. See Henderson v. Carbondale Coal & Coke Co., 140 U.S. 25, 11 S.Ct. 691, 35 L.Ed. 332.

Nor do we see how requiring the referee to include in his return the additional documents (pleadings) requested by petitioners will be of any aid. They have no bearing on the issues involved. Therefore we overrule petitioners' objections and affirm the referee.