FAIRCHILD, Chief Judge.
This is an appeal from an order of the district court denying Herbert Geist, bankrupt, leave to intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) in a plenary action filed by the Trustee in Bankruptcy.
The appeal arises out of the involuntary bankruptcy of Herbert Geist, the petitioner for intervention and appellant here, his partner Bertram Schwartz and their real estate development partnership, North Suburban Development Company.[1]
On September 7, 1973, Glenn R. Heyman, as successor trustee, sued to recover approximately $700,000 of assets of Geint from Exchange National Bank, defendantappellee, on grounds of voidable preference, fraudulent transfers, and common law release of Geist from any indebtedness to Exchange, under sections 60(b), 67(e) and 70(e) of the Bankruptcy Act, 11 U.S.C. §§ 96(b), 107(e) and 110(e)(l)-(3).[2] Among the assets were accruing commissions on renewals of life insurance policies issued by Massachusetts Mutual Life Insurance Company, for which Geist had been a general agent. Geist had assigned his right to these commissions to Exchange. Part had been paid to Exchange and part withheld by Massachusetts Mutual because of conflicting claims.
Exchange filed an answer substantially admitting application of the described assets to payment of obligations due it, but taking issue with the allegations that these receipts constituted voidable preferences and fraudulent transfers, and with the claim that it had released other obligors without Geist’s consent.
On May 22, 1975, Geist first moved for intervention as a matter of right under Rule 24(a), Federal Rules of Civil Procedure. The intervening complaint alleged that Geist, not the Trustee or Exchange, was entitled to life insurance renewal commissions accruing after bankruptcy on policies sold by Geist prior to the 1971 bankruptcy.
The district court permitted the intervention. Soon afterwards Exchange filed a motion for summary judgment, along with the necessary affidavits, against Geist’s intervention, alleging that all renewal commissions at issue had been fully earned pri- or to the bankruptcy, became property of the Trustee, and were subject to claims of creditors such as Exchange. The district court ultimately granted Exchange’s motion for summary judgment thereby dismissing Geist’s first intervening complaint, holding that “the right to receive renewal commission was a part of the bankrupt’s property that passed to the trustee upon adjudication of bankruptcy subject to the claims of creditors.” Geist appealed, but prior to hearing voluntarily withdrew the appeal. All parties accept the determination of this issue.
Meanwhile, Exchange had filed a third-party complaint against Massachusetts Mutual seeking payment of all insurance commissions which Geist had assigned to Exchange as collateral prior to the filing of bankruptcy. Massachusetts Mutual answered the third-party complaint and counterclaimed by interpleader alleging that Geist, the Trustee in bankruptcy, and Exchange each claimed the same renewal commissions. Pursuant to the interpleader, as of July 22, 1977, Massachusetts Mutual had deposited with the Clerk of the District Court approximately $300,000.
On September 13, 1976, Geist, for a second time, had moved to intervene claiming that his pending petition in Bankruptcy Court to convert his straight bankruptcy to a Chapter XI reorganization created the possibility that title to the assets and estate might ultimately pass to Geist. The district court denied Geist’s motion, holding that until confirmation of the Chapter XI plan *1192 by the creditors, Geist lacked the requisite “present substantial interest as distinguished from a contingent future interest or mere expectancy” for the purposes of Rule 24(a) intervention. Subsequently, the Chapter XI petition was dismissed by Bankruptcy Court. The issue raised by this second motion to intervene is also at rest.
On March 11,1977, Geist again moved for intervention, this time alleging that the assets at issue in this action largely exceed the total claims and costs of administration. Geist asserted that the total value of the assets which are the subject of the action will exceed $1,160,261 and that the claims in bankruptcy (apparently including costs of administration) will not exceed $450,000, so that in the event of a “successful judgment” in this action, Geist would be entitled to at least $710,261 for his own benefit. One of the disputed claims in the lawsuit is that Exchange extinguished the obligations to it when it released some of the obligors. Thus the “successful judgment” assumed would not only restore assets to the bankruptcy estate, but would also avoid claims of Exchange. Geist claimed that his interest in the possible net recovery was not adequately represented by the Trustee in bankruptcy as plaintiff; that the Trustee’s interest is in payment of claims and that the Trustee had announced his willingness to settle with Exchange for $45,000.
Geist’s motion papers did not explain his delay in moving to intervene on this ground. In response to objection on the ground of untimeliness, he argued that he “could not have predicted that hundreds of thousands of dollars in unfounded claims would be reduced, denied and withdrawn.”
On April 18, 1977 this third attempt at intervention was also denied by the district court citing five reasons:
(1) Herbert Geist has already intervened in this action previously and has had his claim denied; (2) he has not [appealed] the prior entry of judgment on his claim and has delayed four years in offering the present ground for his right to intervene; (3) prejudice will accrue to the present parties to this suit since they have litigated this cause for four years and are presently prepared to settle this cause; (4) this action has been vested in the trustee and, as Herbert Geist admits, he could not institute this action absent abandonment by the trustee, and (5) Mr. Geist’s ‘interest’ in this suit can be protected by a timely request to Bankruptcy Court for either disapproval of any improper settlement or replacement of the trustee if his actions so warrant .
Geist filed a motion to vacate which largely challenged the court’s reliance on prejudice based upon a proposed settlement.[3] The district court vacated point (3) of the previous order but still denied Geist’s intervention. Geist now appeals from the orders of the district court denying him leave to intervene, and denying in part and granting in part his motion to vacate, modify, alter and amend the court’s order denying intervention.
Our inquiry involves a bankrupt’s right to intervene under Fed.R.Civ.P. 24(a)[4] in plenary proceedings brought in district court by the trustee in bankruptcy against a third party to recover assets which are claimed to be a part of the estate. Intervenor-appellant Geist claims that he has a clear interest in the subject matter of the action below *1193 and that denial of intervention will, as a practical matter, impair or impede his ability to protect his interest. Additionally, Geist asserts that this interest is not adequately represented by the existing parties and that the motion for leave to intervene was timely filed.
Plaintiff-appellee Heyman and defendant-appellee Exchange National Bank oppose the bankrupt’s intervention on several grounds: (1) the bankrupt has no direct substantial interest in the recovery of the assets, but merely a contingent interest in the surplus; (2) the bankrupt’s interests are adequately protected by the trustee who has an obligation and incentive to collect all the assets of bankrupt’s estate; (3) permitting intervention will prolong litigation by allowing the bankrupt to obstruct settlement negotiations; (4) Geist’s failure to appeal previously appealable denials of intervention required denial of his motion to intervene; and (5) Geist’s motion was untimely because Geist knew of the potential surplus long before filing this motion to intervene.
Denial of intervention on the grounds asserted in Geist’s first two motions is part of the law of the case. Geist is not thus precluded, however, from moving to intervene on- the newly asserted ground that the possibility of a surplus resulting from a favorable judgment shows an interest of Geist which may be impaired by an unfavorable judgment and which is not being adequately represented by the Trustee.
We are of the view, however, that Geist’s third application to intervene was not timely, as required by Rule 24(a). He has shown no reason why he should not have anticipated the value of the assets at stake in this action. The other determinant of a surplus is the total of claims allowed against him in bankruptcy. When pressed on the question of timeliness, he has only, and somewhat vaguely, expressed surprise that enough “unfounded” claims have been eliminated to reduce the total to $450,000 or less. Under the circumstances, including his demonstrated early interest in intervention, he has not satisfactorily explained his delay of three and one-half years in asserting this third ground.
Untimeliness would suffice for an affirmance. We proceed, however, to an alternative analysis.
The Supreme Court has held that intervention under Rule 24(a)(2) requires a “significantly protectable interest.” Donaldson v. United States, 400 U.S. 517, 531, 91 S.Ct. 534, 542, 27 L.Ed.2d 580 (1971). The interest must be direct, rather than contingent. Air Line Stewards & Stewardesses Ass’n v. American Airlines, Inc., 455 F.2d 101, 105 (7th Cir. 1972); United States v. 936.71 Acres of Land, 418 F.2d 551, 556 (5th Cir. 1969); Kheel v. American Steamship Owners Mutual Protection & Indemnity Ass’n, 45 F.R.D. 281, 284 (S.D.N.Y.1968). The interest must be “direct, substantial,. [and] legally protectable . . . Hobson v. Hansen, 44 F.R.D. 18 (D.C.1968). It has been required that the applicant for intervention have “a right to maintain a claim for the relief sought . . . .” Solien v. Miscellaneous Drivers and Helpers Union, Local No. 610, 440 F.2d 124, 132 (8th Cir.), cert. denied 403 U.S. 905, 91 S.Ct. 2206, 29 L.Ed.2d 680 (1971).
Clearly Geist could not have maintained the action against Exchange once the bankruptcy intervened.[5] Those claims which are predicated upon the bankruptcy (such as setting aside a voidable preference) could not have been maintained by him in any event, although in the absence of bankruptcy, he could have sued Exchange to establish that the debt to which Exchange had applied his assets had previously been extinguished.
In a practical sense, we note that this action embraces several different claims, resting upon different allegations of fact. There could well be partial, without total, success, and recovery must exceed $450,000 (in addition to extinguishing the debts to Exchange) before a surplus is produced for Geist. Although Geist views the Trustee’s willingness to compromise the action for $45,000 and the bankruptcy judge’s approval before Geist deposited indemnity money, *1194 as evidence of willingness to disregard his interests, these facts also indicate a modest evaluation of the probable outcome.
Additionally we are struck with a policy question arising out of the interests served by bankruptcy law. Geist’s interest in a maximum recovery in this action may differ in size, but not in kind from the interest of every creditor in a bankruptcy proceeding where recovery of assets depends on a trustee’s diligence. Each must look to the bankruptcy court for protection from impropriety or lack of diligence on the part of a trustee, subject as he is to direction and removal by the court.
In Peterson v. United States, 41 F.R.D. 131 (D.Minn.1966) residuary beneficiaries of a testamentary trust sought to intervene in an executors’ action seeking a tax refund. The court recognized that petitioners would receive less money if the action were unsuccessful, and they therefore had an interest which might be impaired. The court then deemed the controlling issue under Rule 24(a) to be the adequacy of the representation of petitioners’ interest by the executors. Representation was found adequate in the absence of (1) collusion between the representative and the opposing party, (2) an interest in the representative adverse to the applicant, and (3) failure of the representative to fulfill his duty.
We have some hesitancy in the present case in recognizing what may be a remote possibility of benefit to Geist out of the present action as a sufficiently direct and substantial interest under Rule 24(a). Nevertheless we resolve this case by holding that one in Geist’s position has a heavy burden to show inadequacy of representation by the Trustee in bankruptcy, and that he has not succeeded here.
Geist cites three cases to support his claimed right to intervene. In re Community Neighbors, Inc., 287 F.2d 542 (7th Cir. 1961); In re Woodmar Realty Co., 241 F.2d 768 (7th Cir. 1957); In re S. F. Brothers Co., 151 F.Supp. 150 (E.D.Mich.1955). Those cases do not support his claim. Rather than involving the right to intervene under Rule 24(a), each of these cases was concerned with the right of a bankrupt to be heard before the bankruptcy judge in opposition to a claim or a trustee’s proposed compromise of disputed claims. Woodmar and Community Neighbors each found a bankrupt to be a “party in interest” under section 57(d) of the Bankruptcy Act, 11 U.S.C. § 93(d) and thus able to contest claims when the bankrupt’s estate is either possibly or certainly going to contain a surplus after payment of creditors and expenses of administration,[6] 241 F.2d at 772; 287 F.2d at 542. These decisions represent an exception to the normal rule barring the bankrupt from objecting to claims against his estate on the theory that an insolvent party has no interest in the manner in which the assets are distributed.
The judgment appealed from is AFFIRMED.

. A single bankruptcy petition was filed August 26, 1971. Each party was subsequently adjudicated bankrupt.

. A new Bankruptcy Act went into effect October 1, 1979. There is no dispute regarding the applicability of the prior Act to this appeal. All references to the Bankruptcy Act are to the prior statute.

. The Trustee applied for approval of the settlement on December 16, 1976. On May 3, 1977, the Bankruptcy Judge approved the settlement, but Geist then tendered $145,000 to indemnify the estate against loss and sought vacation of the order approving settlement. On May 13, the Bankruptcy Judge accepted the indemnification proposal, vacated the approval of the compromise, and directed that the lawsuit proceed.

. (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant’s interest is adequately represented by existing parties.

. 9 Am.Jur.2d §§ 1163, 1167; Bankruptcy Act § 70(a), 11 U.S.C. § 110(a).

. While not referring to § 57(d), the court in In re S. F. Brothers Co. held that the right of a bankrupt to be heard, in objection to a proposed compromise, follows logically from courts’ granting bankrupt the right to be heard in regard to allowance of claims.